Filed 2/17/26  P. v. Burgdorf CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER BURGDORF,<br><br>        Defendant and Appellant. | A173286<br><br>(Del Norte County<br>Super. Ct. No. CF249360) |

Defendant Alexander Burgdorf appeals from a judgment entered after he pled no contest to felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a)(1)) and assault with a deadly weapon (§ 245, subd. (a)(1)), both felonies.  Defendant's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Burgdorf was informed of his right to file a supplemental brief, but he did not do so.  We have reviewed counsel's brief and have independently reviewed the record.  We find no errors or other issues requiring further briefing.  Accordingly, we affirm.

As described in the probation report, on December 25, 2024, Crescent City Police received a report of a man in the Safeway parking lot, who brandished a firearm after a woman and her husband refused a flower from

---

[1] Undesignated statutory references are to the Penal Code.

1

the suspect. Law enforcement attempted to detain a suspect later identified as Burgdorf. Burgdorf resisted and escaped, and a loaded handgun dropped as he fled. A bystander attempted to assist a law enforcement officer. Burgdorf got into the driver's seat of the bystander's vehicle. Burgdorf drove the car and collided with the bystander. Burgdorf then drove off with the bystander's son in the vehicle, striking two parked cars as he exited the parking lot. Burgdorf subsequently abandoned the car (with the bystander's son inside the car and uninjured) and ran off. Burgdorf was located and arrested by law enforcement later that afternoon.

On December 27, 2024, a criminal complaint was filed against Burgdorf alleging the two felonies described above, in addition to eight related charges for carjacking, kidnapping during carjacking, driving or taking a vehicle without consent, kidnapping, having a concealed firearm on person, exhibiting a concealable firearm in public, resisting a police officer, and hit and run driving—all arising out of the incident in the parking lot on December 25.

Burgdorf appeared in custody on December 27 and requested to represent himself. At a court hearing on December 31, Burgdorf filed a four-page court form (Petition to Proceed in Propria Persona) advising him of his constitutional rights and the rights he would be giving up by representing himself, initialed and signed by him. The court granted the motion. Burgdorf entered not guilty pleas and denied all allegations.

A preliminary hearing was held on January 14, 2025. Four witnesses testified, including Bert Matthew Taylor, Jr. (bystander's son). Burgdorf was held to answer on all counts in the complaint. An information was filed alleging felon in possession of a firearm (§ 29800, subd. (a)(1); count 1); assault with a deadly weapon, against the bystander (§ 245, subd. (a)(1);

count 2); carjacking, against the bystander and the bystander's son (§ 215, subd. (a); count 3); kidnapping during the commission of a carjacking, against the bystander's son (§ 209.5, subd. (a); count 4); driving or taking a vehicle without consent, against the bystander (Veh. Code, § 10851, subd. (a); count 5); kidnapping, against the bystander's son (§ 207, subd. (a); count 6); carrying a concealed firearm (§ 25400, subd. (a)(2); count 7); misdemeanor exhibiting a concealable firearm in public (§ 417, subd. (a)(2)(A); count 8); misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 9); misdemeanor hit-and-run driving with property damage (Veh. Code, § 20002, subd. (a); count 10). As to the felony counts, the information also alleged the aggravating circumstance that Burgdorf's "prior convictions as an adult [we]re numerous or of increasing seriousness."

On February 11, Burgdorf was arraigned on the information. The trial court inquired as to whether Burgdorf still wanted to represent himself, and when Burgdorf said he did not, the court granted Burgdorf's request for appointment of counsel. Burgdorf was represented by counsel for the rest of the trial court proceedings, through plea and sentencing.

On March 25, Burgdorf pleaded no contest to assault with a deadly weapon and felon in possession of a firearm. Before doing so, he completed a written felony "plea form, with explanations and waiver of rights" that advised him of his constitutional rights and the rights he was waiving; the form was signed by Burgdorf, his counsel and eventually by the court after the court reviewed the form and orally examined defendant. The terms of the plea agreement included that he would receive the middle term of three years on the assault with a deadly weapon count, and 16 months on the felon in possession count, to be served concurrently.

3

Burgdorf's counsel stated he joined in the waiver of rights as well as the plea.

The district attorney recited a factual basis for the plea: "[O]n Christmas day of last year, the police department was called to some sort of a report of brandishing a firearm near the cinemas. And when they arrived, officers made contact with the defendant, who fled, dropping a firearm from his person when he did so. And he does have the prior felony convictions as listed on the information. [¶] He then jumped into a vehicle, and he drove that vehicle out of the parking lot. While he did so, he hit the person, Mr. Taylor, who—he hit the person with the vehicle as he drove away." And in response to a question from the court, the district attorney stated, "We believe that he did it intentionally." When asked by the court if he wished to add anything, defense counsel stated "just that—of the charges leveled against my client, we believe the assault is probably the weakest; however we entered into this plea bargain to have the more serious charges dismissed." When pressed by the trial court whether counsel "believe[d] there's enough evidence that if you went to trial you could face more serious consequences and more serious convictions," defense counsel replied yes.

After reviewing the written change of plea form, the trial court questioned Burgdorf at length, and found that he knowingly, voluntarily, freely, and intelligently waived his rights, including his right to appeal any potential legal errors if there were any up to this point, and that he understood the consequences and penalties of these pleas. The court accepted Burgdorf's pleas of no contest to the two felony charges. The court found a factual basis for the pleas.

Defendant was sentenced on April 28 in accordance with the plea agreement to the agreed upon prison term of three years. Burgdorf

stipulated to the requested restitution in the amount of $1,500.25.  The court found Burgdorf had a total of 248 days of credit for time served (124 actual; 124 conduct).  The court imposed the minimum restitution fine, to which there was no objection.  The balance of the counts and allegations in the information were dismissed as part of the negotiated resolution.

On November 17, in response to a letter from appellate counsel calculating that Burgdorf had 125 actual days of custody time at the time of sentencing, the trial court issued an amended abstract of judgment adding an additional day of custody credit, for total credits of 249 days.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Burgdorf was sentenced after no contest pleas, and he has not obtained a certificate of probable cause.  His appeal was timely filed.  Any issues as to the validity of his plea are not before us.  (§ 1237.5.)  Before entering his no contest pleas, defendant was advised of his rights, and there is no indication he did not understand his rights, including the rights he was waiving.  The court found defendant had knowingly, voluntarily, and intelligently waived his rights and his plea was voluntary.

The sentence imposed appears to be authorized by law, including the fine and fees.

We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436.

The judgment is affirmed.

5

_____

Miller, J.

WE CONCUR:

_____

Stewart, P. J.

_____

Desautels, J.

A173286, *People v. Burgdorf*